Nash, J.
 

 We have listened with pleasure to the argument, submitted to us in behalf of the plaintiff. The case does not, however, properly present the question designed to be raised. That a person suing
 
 in forma pauperis,
 
 in general, neither pays nor recovers costs, has been considered the established law of this State, ever since the case of
 
 Clark
 
 v.
 
 Dupree,
 
 2nd Dev. 411. But whether under that rule the attendance of his witnesses is embraced has not been decided. The case before us does not present the point. The plaintiff had been permitted to sue
 
 in forma pauperis
 
 and had recovered a verdict. The case states, that judgment was rendered
 
 only
 
 on the verdict. None was asked for against the defendant, for any costs. The notice is to show cause, why “an execution should not issue against him, the defendant, for the costs of the witnesses in the case.” Under the act of 1777, ch. 115, Sec. 90, “the party, in whose favor judgment shall be given, &c., shall be
 
 entitled
 
 to full costs” &c. To l’eap the benefit of this provision, the party must have a j udgment, not only on the verdict for the sum awarded him by the jury, but also one for his costs. In general, it is a matter of course for such a judgment to be entered, and, if the case had been silent on the matter, we might have presumed that such was the fact here. But we are not permitted to make any such presumption. We are told none such was
 
 *24
 
 asked for and none such rendered. Whether, therefore, the word “costs” in the act of 183G, 31st ch. 47th sec., which is a transcript of the statute of Henry the 8th., embraces the attendance of the plaintiff’s witnesses, we do not feel at liberty to decide. In order to have brought the question before the Court, a motion for a judgment for those costs ought to have been made to the Court, before whom the cause was tried. The case further states, that, after the judgment was rendered, some of the witnesses for the plaintiff warranted him upon their tickets and obtained judgments, which he paid ; others he paid without process and some of the tickets are still in the office of the Clerk. The proceedings are had for the purpose of subjecting the defendant to the payment of these several claims, by an execution. In addition to the answer already given, why the Court cannot order the execution as required, it may be said, the plaintiff, as far as the case discloses, was not answerable for any of those claims, not because he was sueing
 
 informa pauperis,
 
 but because the original suit was ended. While a suit is in progress, the witnesses of the parties have a right to demand from the part}', at whose instance they were summoned, the payment for their attendance at the end of each term, or as soon as the suit is disposed of. If they do not.choose so to do, they ought to deposit their tickets at each term in the Clerk’s office, that they may be regularly taxed in the bill of costs. Their claim, after judgment, is not against the .person summoning them, but against the person bound by the judgment to pay the costs under the judgment, unless the party so bound is insolvent.
 
 Office
 
 v.
 
 Lockman,
 
 1st Dev. 146.
 
 Standly
 
 v.
 
 Hodges,
 
 Conf. Rep. 330. Here, we repeat, there is no judgment for costs. And the judgment of the Court below is affirmed and rule .discharged.
 

 PbR Curiam Judgment accordingly.